May it please the court, Lauren Zurier for the United States. May I reserve two minutes for rebuttal? You may. Thank you. Your Honor, the government has taken the unusual course of action in the United States.   It is an unusual step of appealing the sentence in this case because the sentence in our view is simply too short for this crime on these facts. The defendant in this case, as the record makes clear, planned and deliberately arranged over a series of days to torture and kill two people. And he had been engaged in surveillance and engaged in soliciting an alternative hitman even though the hitman that he ultimately engaged turned out to be an undercover agent. He engaged in these actions simply because of a financial debt. He wanted to collect a debt and he was unable to. And those circumstances, those cold and calculated circumstances cry out for a more substantial sentence than this court imposed. The GSR in this case was ten years and the district court below acknowledged the seriousness of the crime on a number of different occasions. But in the end focused his attention solely on the defendant's personal circumstances. And while that's certainly something that the court must consider, it's not the only thing the court has to consider. And in this case, the court gave no attention to factors that, given the severity of the crime, should have received some weight. And if you look at the rest... Is this a substantive reasonableness challenge or a procedural reasonableness challenge? It is a substantive reasonableness challenge. And the standard is what is analyzing the length of the sentence under the totality of the circumstances. In the briefing, one of the things you say is that he categorically refused to consider general deterrence. Am I reading you right? He did. Because that sounds to me like a procedural challenge. Well, this court's case law has indicated on a number of occasions that procedural and substantive... Yes, but that can be true at an abstract level or in general. Yes. But a particular contention that a 3553 factor was not considered, not wasn't adequately considered, but just was categorically not considered would seem to me a purely procedural objection. Well, in this case, the contention, the one that is preserved for review, is the length of the sentence being too short. Okay. And what are the factors from a totality that you're identifying that lead to the conclusion that this was substantively unreasonable? Well, in terms of the plausibility of the rationale, the court advanced reasons that don't support the brevity of the sentence. The court in this case focused on the defendant's rehabilitation. The court said that any substantial sentence is sufficient for deterrence, and then fixed that after saying that he didn't believe in general deterrence, and then fixed the length of that sentence as the one that it assigned to the defendant. So the court essentially equated general deterrence with whatever sentence it imposed on the defendant, which zeroes out, in the government's view, the general deterrence. Why can't you do that in a specific case with specific circumstances? I understand the judge made a broader statement about it, but why couldn't you say that general deterrence really is either met or plays no role in a case as sui generis as this might be? In a given case, a court can do that. In this case, we argue the court should not have done that, because the severity of this crime demanded more than equating the two sentences as being one. In this case... Can I just ask on that point, when you say equating it, my understanding, how long was the time served sentence? Just shy of two years. And the district court was aware of that length? Yes. So is it the case that the district court was saying, no matter how short the time served was, it would zero out? Or was he saying, in light of the length of that time served, it zeroes out? I believe he was saying that, I think the exact words were, two years for you is a substantial sentence, and any substantial sentence is the one I assigned to you. Yeah, so that's hard for me to read. He was saying, if you had only served a day... No, that's not what the government is saying. So then it comes down to two years is too short? Two years is too short. And then how long is not too short? A lot more than two years. Which means what? The government below contended a guideline sentence, which was ten years, would have been appropriate. And certainly the district court was free to impose... District courts are always free to impose variances downward. This variance was too much, and it's not justified. There is no plausible rationale for punishing a crime which had the potential to torture and kill two people with only two years in prison. It's too short. On a different set of facts with a different... I understand, but one of the consequences of that position, if we were to adopt it, is that we'd remand. Yes. So another sentence would come. If this court vacates the sentence, yes. So that's why I'm asking, do you have an idea of how low you could go? I think that that, in the first instance, would be the district court's bailiwick. There's only a certain number of years that we have to play with, right? Three, four, five, six? Yes, that is true. I think that I don't feel comfortable advocating for... I can advocate for what the government advocated below, which is ten years. I think that two years is too short. Other circuit courts have declared sentences that were too short, too short. I recognize that in Crespo-Rios, this court stopped short of declaring a sentence too short and remanded for the district court to consider. I think that with this court's analysis, it could signal to the district court that a given sentence is too short on this record. That's what it did in Ofre Campos. And in Ofre Campos, if you go back and look at what happened on remand, after this court said that 40 years was too long, it also said that we're not saying an upward variance isn't justified, just that 40 years isn't. But that was because, wasn't it, because there was a kind of double-counting concern? That is, to some extent, yes. So here we don't have something. You just seem to be saying, okay, assume everything was considered. This is just too short. That's just a different type of argument. Well, I don't think everything was considered. So what was not? I think that the district court didn't consider the need to send a message to society that this is a serious crime and this kind of behavior won't be tolerated. So that's general deterrence, which is what I think you started with, right? Right, yes. Or is there something else that you want? The severity of the crime. Well, I'm sorry. No, go ahead. Factors that relate to that. The severity of the crime. The respect for the law. All of those are, the public assesses those by the length of the sentence. That's the only information the public gets. The public sees two years for arranging to torture and murder somebody? That's ridiculous. And so the sentence doesn't do, on this record, the job that it was supposed to do. By focusing only on the defendant, the court didn't serve the full purpose of sentencing with this length of a sentence. Judge Howard, anything further? Thank you. Thank you. Thank you, counsel. At this time, counsel for the appellee would please introduce herself on the record to begin. Good morning. May it please the Court, Miriam Conrad on behalf of Augustine Vignez. In this case, the judge, after careful consideration, imposed a sentence that was defensible and supported by a plausible rationale. The judge's explanation covered six to seven pages of the record in which he addressed all of the factors. In particular, I would note that with respect to the factor of general deterrence, which, as we contend, is actually an unpreserved procedural error that the government claimed. He says, at pages 59 to 60 of the record appendix, two years for you is a substantial sentence. That wouldn't be true of many people. It wouldn't be. But for someone like you who's lived the life that you had and was forced to leave it and lose your liberty for two years, the Court, in its requirement that it built an individual sentence, looking when you dig really down and you do it, two years for you is a substantial sentence that factors in all of the aims of sentencing that I'm required to consider. And I would note that this Court, in United States v. Prosperi, upheld a sentence imposed of six months home confinement, no imprisonment, from a guideline range that I believe was 87 to 108 months. Granted, the Court in that case did find that the loss was overstated by the guidelines. And that wasn't a violent offense? It was not. And I'll get to that in one moment, if I may, Your Honor, as far as the circumstances of the case. But in that case, I think it's important to note that the judge said, there is one benefit and only one that I see in this case to incarceration, and that is the sanction of deterrence that is incarcerated, as it appears, sentence would pose for others. Beyond that, society's interest in incarceration as opposed to atonement does not weigh heavily. And this Court upheld that sentence, despite the fact that it was a much greater variance than is present here, and said, with this explanation, the District Court fulfilled its obligation to consider the importance of general deterrence. Here, the Court was much more thorough in its discussion, and nevertheless was very tied, as this Court has required, the general deterrence to the specific defendant. I do want to say, with respect to the circumstances, nature and circumstances of the offense, my opposing counsel says, well, this was just spurred by some financial disagreement. But this case, contrary to what opposing counsel says, fell well outside the heartland of conduct for murder for hire. This was a case in which the target had assaulted and threatened the defendant. And those, that assault and that threat, were reported to the police. And the police reports were provided to the District Court and were a part of the record on this appeal, as included in the supplemental appendix that we filed. And those take it out of the heartland. The government talked... But do those respond to the government's point that it made at the very end of oral argument today about the severity of the crime and the disapprobation that society should have for crimes of this nature? Do those specific circumstances and the decision to use self-help meet the argument that the government's making? If not, what would you say? Well, respectfully, Your Honor, I think it does. Because this is not a sentence of no time. This is a sentence of two years for a 53-year-old man whose only prior conviction was for fishing undersized striped bass. And that was 25 years earlier. The court had before it 49 letters of support attesting to his character, his devotion. And very importantly, the court focused on the mental health issues that had been diagnosed while Mr. Vinas was in pretrial detention, which included depression with paranoid features. And the judge, in his colloquy with the prosecutor below, highlighted the interplay between that mental health condition and the threats to the defendant by the target. And I want to be clear, we are not saying in any way, shape, or form that those threats or that assault justified the conduct. So I wouldn't refer to it, Your Honor, respectfully, as self-help. I would respect to it as one of the factors that came into play. And one of the factors that this court has repeatedly said the court has to consider is the nature and circumstances of the offense. And Judge Selye has also said, particularly in Martin, and I believe also in Crespo-Rios, sorry, in Martin, that when a court varies from the range, its reasons for doing so should typically be rooted either in the nature and circumstances of the offense or the characteristics of the offender. And that was repeated in Flores-Maciotti, in which an 81% upward variance was affirmed. So the percentage of reduction here, obviously, is fairly great, but not as great as in Prisbury. And there certainly is no law that says, no case law that says that a court cannot vary downward in a violent offense, although I would note that no violence actually occurred. It might have been intended, but it did not occur. All in all, Your Honor, I would submit that the court thoroughly considered all of the factors that it was required to consider. It tied all of those factors. Can I ask you one question about that? Sure, of course. So read one way, the judge's comments about general deterrence could be an utter rejection of that as a sentencing factor. Is that how you read it, and is that appropriate? I do not read it that way, because the court said, and didn't just recite, general deterrence is one of the factors I need to consider, but went beyond that and said, that is satisfied by a substantial sentence. And for you, the two years you spent in pretrial detention, away from your loved ones, unable to support them, that is a substantial sentence. And I think that given this court's affirmance in Prosperi, where the court imposed no jail time, to say that two years in pretrial detention, which is much harsher than imprisonment in a federal prison because of lack of access to programs and so forth, in light of that, the court below was saying, that's a sentence that sends a message. And I think the court's discussion of its view of general deterrence is the type of rhetorical flourish that this court has held How would it normally work if you've had two years of pretrial detention? Then you're at sentence, and you impose a 10-year sentence. Right. Is that two years typically treated as what? That is treated as two years of credit against that sentence. The sentence is then calculated incorporating the good time, now earned good time, but as I noted in, I think, a footnote in my brief, it would be the equivalent of 28 months. So in other words, let's say a defendant came in and was sentenced from the street and was given a 24-month sentence. They would serve, assuming they do not get deprived of good time due to disciplinary infractions and so forth, they would serve on that 24-month sentence 85% of that sentence. And then they would be discharged. So someone who's in custody for 24 months, in effect, is serving a 28-month sentence. So that if they were sentenced from the street to 28 months, after you deduct the good time, it would come out to approximately 24. So if we just did that calculation, is it quite right to say he was given a two-year sentence then? In other words, if instead the judge had done it this way, I'm sentencing you to two years, how would that have played out in terms of how long he then would have been imprisoned? Do you see what I'm saying in light of the two years of pretrial detention? This may be overly in the weeds, but from my experience doing sentencing in the district court over the period of 30 years, the problem with doing it that way and why we normally would ask a judge to impose a time-served sentence is because if it just says 24 months, the Bureau of Prisons hasn't done the calculation yet. So then it has to go to the Bureau of Prisons. Then they have to do the calculation. They look at the calculation. They say, oh, this guy's been in pretrial detention for 24 months. It's time served. But by the time you go through those bureaucratic steps, the defendant has now remained in custody for longer than the sentence that was imposed. And for one thing, Bureau of Prisons and courts don't like that because what happens then is if that person violates supervised release, they have that time as credit in the bank. Was there a supervised release imposed here? Yes, there was. How long is supervised release here? The supervised release was three years, and it had extremely stringent conditions including no alcohol, which was found to be a factor in this offense that the defendant was self-medicating, participating in substance abuse treatment, obviously no contact with participating in sort of a behavioral cognitive therapy type program, as well as obviously maintaining the mental health treatment that the defendant had begun while incarcerated. Any further questions?  Thank you, Counsel. At this time, Counsel for the Appellant has a two-minute rebuttal. May it please the Court. Lauren Zurier for the government. Three quick points, Your Honor. First, Prosperi is distinguishable. I recognize the holding in Prosperi, but in that case, the crime wasn't intentional like the crime here is. They're completely different fish, and therefore, I don't think that's a case that suggests that the outcome, that this sentence has to be affirmed. Second point, the prosecutor argued the facts of this case at length below, and the judge said more than once, I think it was more like four or five times, how serious an offense he thought it was. That is the extent of the judge's linking or explanation of why two years represented an appropriate sentence given the severity of the crime. This Court has said that you have to do more than rehearse the factors. You have to explain them, and that explanation is omitted. Just so I'm clear on what the government's actual position is, had he said a lot about how serious the offense was, he, in his own words, repeated all of the detail of the offense, you still think it's a... Yes. Yeah, so it's really not... It's really just the absolute numbers too low for this crime. Yes, I don't think there was... And I guess what's the best case out there for you that suggests, even a perfectly explained sentence, in other words, there's nothing more he could have said to demonstrate, I understand all the factors and I've weighed them, and here's how I weigh it, two years. And yet, no, you can't do it because the nature of the crime is just too grave for that outcome. Is there some case that... Well, I did U.S. v. Walker from the Tenth Circuit in my brief, Your Honor. In that case, I believe there was just a couple of weeks imposed for a major crime, and the Court came out and said, too short a sentence. It doesn't make any sense, and there's no way it could. I would suggest that one. So if on remand the judge said two and a half years, I'm not asking you to accept that or not, where would the additional half year be served? My understanding is that he wouldn't have to resurve two more years. Right. I assume that it would be up to the Bureau of Prisons to figure out where he would serve the additional six months. I mean, offenders get time of less than a year imposed, and so that's not an unusual situation. When they get less than a year, is the presumption that they would serve that in a federal prison? Yes. Yes, they wouldn't serve it otherwise. That's not accurate, is it? I think it depends on the kind of – I mean, in my experience, and I don't have the 30 years of trial level experience as my sister does, but in my experience, courts impose sentences of less than a year, and those – I mean, look at Martha Stewart. She served five months in West Virginia's federal prison, so it does happen on occasion. Thank you. Thank you. If you want to submit 28J letters to us on this last point about what would happen for a less than year sentence and where it would be served, that would be helpful to the court. Thank you, counsel. That concludes argument in this case.